EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ A. PÉREZ SALDAÑA, acusado y apelante.

Núm. 10961.—*Sometido:* Enero 16, 1946. *Resuelto:* Enero 30, 1946.

*Juan B. Soto,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar y J. Rivera Barreras,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Estos dos casos fueron consolidados en el juicio ante la corte inferior. De igual modo se consolidaron los recursos de apelación ante este Tribunal, por lo que los resolveremos con una sola opinión.

El apelante fué sentenciado por un delito de portar armas y por infracción al art. 7 de la Ley núm. 14 de 8 de julio de 1936, Tercera Legislatura Extraordinaria, pág. 129, según ha sido enmendada.

Las dos únicas cuestiones que sirvieron de fundamento. a los recurson son:

(a) Que el único testigo presentado por el Fiscal para probar las acusaciones fué el policía Manuel Soto; que su declaración fué contradicha por el acusado y sus testigos; que siendo el policía, según el apelante, un testigo interesado y apareciendo de la evidencia que en la fecha y sitio donde se alega se cometieron los supuestos delitos estuvieron presentes otras personas que pudieron ser traídas como testigos de cargo y no lo fueron, debe considerarse que el Fiscal no trajo la mejor prueba y consecuentemente debió dirimirse el conflicto de la evidencia a favor del acusado absolviéndolo en ambos casos; y

(b) En que el no haber presentado el Fiscal como testigo a algunas de las personas aludidas en el párrafo anterior, debe considerarse que el Fiscal suprimió evidencia que de haberla presentado le hubiera sido adversa.

El art. 524 del Código de Enjuiciamiento Civil (Ley de Evidencia, art. 162) es decisivo de la primera cuestión suscitada por el apelante. Prescribe el citado artículo que "si se ofreciere evidencia más débil y menos satisfactoria, cuando pareciere que la parte estaba en aptitud de ofrecerla más firme y satisfactoria, la evidencia ofrecida deberá mirarse con sospecha". Que la declaración del policía deba mirarse con sospecha en el presente caso, no significa que

594

necesariamente deba ser descartada. Si el tribunal sentenciador, al considerar toda la prueba sin olvidar la advertencia que le hace el art. 524, llega a la conclusión de que ese testigo dice la verdad, y su declaración es evidencia directa que tiende a probar todos los elementos del delito, es imperativo dictar un fallo en consecuencia, no obstante el mayor número de testigos de la otra parte, pues con arreglo al mismo art. 524, el tribunal no está obligado a fallar de conformidad con el mayor número de testigos que no lleven a su ánimo la convicción. Y tratándose de los delitos envueltos en este recurso, que no requieren que la prueba sea corroborada, es de aplicación el art. 380 del mismo Código, dispositivo de que la prueba directa de un solo testigo que merezca entero crédito es suficiente para sostener una sentencia, excepto en los casos en que la ley exige corroboración.

El hecho de que el Fiscal no trajera como testigos a esas otras personas a que se refiere el acusado, no significa que haya suprimido evidencia que de ser presentada le hubiera sido adversa, pues no puede decirse que ha habido supresión de evidencia cuando estos testigos se encuentran al alcance de ambas partes. *People* v. *Brown*, 235 Pac. 72 (Cal. 1925).

Siendo la apreciación de la prueba misión encomendada por la ley al tribunal inferior, no debemos intervenir con su discreción, a menos que se pruebe error manifiesto, pasión, prejuicio o parcialidad al apreciarla.

*Procede la confirmación de las sentencias apeladas.*