DOLORES TORRES, IRENE ORTIZ, TERESA MORALES y ÚRSULA SEPÚLVEDA, querellantes y apeladas, *v.* DOCTORES NELSON PEREA y AUGUSTO PEREA, propietarios de la "Policlínica Perea", querellados y apelantes.

Núm. 9282.—*Sometido:* Marzo 8, 1946. *Resuelto:* Mayo 20, 1946.

172

*Oscar Souffrount,* abogado de los apelantes; *Pedro Santana, Jr.,* abogado del Departamento del Trabajo, a su vez abogado de las apeladas.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Apelan los demandados de una sentencia condenándolos a pagar a las cuatro demandantes, quienes trabajaron en la

clínica de los demandados desde noviembre de 1940 hasta julio de 1943 en calidad de aplanchadoras y costureras, la diferencia entre el salario que recibieron y el mínimum de seis dólares semanales que fija la Ley número 45 de 1919 (Leyes de 1919, pág. 201) y la compensación correspondientes a la novena hora que, según resuelve la corte inferior, trabajaron las demandantes diariamente y por la cual no habían sido compensadas.[1]

Sostienen los apelantes, en primer término, que no les es aplicable la Ley núm. 45 de 1919, sobre salario mínimo para mujeres, porque su clínica no es una de las "ocupaciones industriales, comerciales y de servicio público" a que se refiere la ley. De la prueba resulta que la clínica de los demandados alojaba pacientes que pagaban por los servicios prestados, entre ellos muchos cuya estancia era pagada por el Fondo del Seguro del Estado mediante contrato al efecto. No hay prueba alguna de que la clínica se dedicara, aún parcialmente, a fines caritativos. En *Carrasquillo* v. *American Missionary Association*, 61 D.P.R. 867, resolvimos que un hospital que cobra a sus pacientes es una empresa, dentro del significado del artículo 1803 del Código Civil, y dijimos que era una empresa comercial. Y en *Hospital San José, Inc.* v. *Junta de Salario Mínimo*, 63 D.P.R. 747, resolvimos que las clínicas y hospitales que no son puramente caritativos están comprendidos dentro de los términos de un estatuto cuya finalidad es idéntica al que nos ocupa, aunque su definición de los empleados y empresas sujetos al mismo es más amplia. Los propios apelantes en su alegato nos hablan de las clínicas " . . . de carácter comercial, como muchas de las que existen en San Juan, establecidas bajo bases

[1] Aunque el salario de las demandantes era por ocho horas de trabajo (tanto el convencional como el mínimo que fija la ley) y aunque la corte concluye que las demandantes trabajaron diez, no concede compensación por la décima hora. Ni este error, ni otros cometidos por la corte al determinar la compensación, pueden ser considerados por no haber apelado las demandantes, ni haber los demandados señalado aquellos errores de cómputo que les perjudican.

comerciales, . . . ''. No nos indican en qué difiere su clínica de las comerciales de San Juan, ni tenemos base alguna para suponer que en Mayagüez, donde radica la clínica de los apelantes, o en el resto de la Isla se explote el negocio de clínica en forma distinta a la de San Juan.

Considerando los precedentes citados, y la acepción usual en Puerto Rico de la palabra ''comercial'', ilustrada por el uso que a la misma dan los propios apelantes, precisaría adoptar una interpretación restrictiva de las palabras ''ocupaciones comerciales'' que utiliza la Ley núm. 45 de 1919 para poder concluir que dicha ley no es aplicable a una clínica como la de los apelantes. Pero ni en la letra de la ley ni en el fin que persigue encontramos justificación alguna para interpretar su alcance en forma restrictiva. Véanse *Irizarry* v. *Rivera Martínez*, 56 D.P.R. 519; *Pueblo* v. *Alvarez*, 28 D.P.R. 937. Concluímos por lo tanto que los apelantes empleaban a las apeladas en una ocupación comercial, y que por lo tanto venían obligados a pagar el salario mínimo que fijada la Ley núm. 45 de 1919.

Arguyen los apelantes que la corte erró al resolver que no pagaron a las apeladas el salario mínimo que dispone la Ley número 45 de 1919. La prueba no ofrece conflicto sobre este particular. Los salarios de las apeladas, quienes trabajaban no menos de seis días a la semana, fluctuaban entre $8 y $11.20 al mes. Los apelantes además les proporcionaban tres comidas al día en la clínica. La queja de los apelantes es que la corte no considerara esas comidas como parte de la compensación. No vemos cómo podía la corte añadir el valor de las comidas al salario convenido, porque hubo una ausencia total de prueba en cuanto al valor de las comidas. Además, la Ley núm. 17 de 1931 (Leyes de 1931, pág. 195) dispone que los salarios de los obreros se pagaran en dinero y que será nulo todo contrato de trabajo en tanto en cuanto se convenga el pago de todo o parte de los salarios en otra forma. Interpretando esa ley en rela-

ción con la Ley núm. 45 de 1919 que fija el salario mínimo para mujeres, nos parece evidente la conclusión de que las comidas u otros privilegios o concesiones que se hagan a la obrera no pueden computarse como parte del salario mínimo.

No erró por lo tanto la corte inferior al declarar con lugar aquella parte de la reclamación de las apeladas que descansa en la Ley núm. 45 de 1919. Pasemos ahora a considerar la otra parte de la sentencia apelada, que declaró con lugar aquella parte de la reclamación que se funda en la Ley núm. 49 de 1935 (Leyes de 1935, Sesión Especial, pág. 539) o sea, en la compensación por horas trabajadas en exceso de ocho diarias.

Consideremos en primer término el error que imputan los apelantes a la corte inferior al dirimir el conflicto de la prueba respecto a las horas trabajadas por las apeladas. En cuanto al contrato de trabajo no hubo conflicto: se convino expresamente que las apeladas trabajarían ocho horas diarias. Pero las apeladas declaran que trabajaban diez horas, o diez horas y media, al día, y la prueba de los apelantes es al efecto de que sólo trabajaban ocho horas al día. La lectura de la transcripción de evidencia nos deja la impresión de que la prueba de los apelantes es más sólida y digna de crédito que la de las apeladas. Pero no hemos tenido la oportunidad, que tuvo la corte inferior, de ver y oír los testigos, circunstancia que en un caso como el de autos puede tener decisiva influencia en la apreciación de la prueba. No podemos por lo tanto decir que errara la corte inferior al dirimir el conflicto de la prueba a favor de las apeladas.

Los apelantes arguyen que la Ley núm. 49 de 1935, que reglamenta las horas de trabajo, y en la cual como hemos visto se funda la reclamación de las apeladas por concepto de horas trabajadas en exceso de ocho, no es aplicable a su negocio. La sección 1 de la Ley dispone que "A ninguna persona se le empleará o se le permitirá que trabaje en ningún establecimiento comercial, industrial, agrícola o en

cualquier otro negocio lucrativo, más de ocho (8) horas durante cualquier día . . . ''. Como ya hemos resuelto, la clínica de los apelantes es, según la prueba, una empresa comercial, como también es un negocio lucrativo. Los apelantes arguyen, sin embargo, que el concepto de lo que es un ''negocio lucrativo'' está limitado por la definición que de las palabras ''ocupación lucrativa'' se hace en la sección 4 de la Ley núm. 49 de 1935, que en lo pertinente reza así:

'' 'Ocupación lucrativa' incluye toda obra o todo trabajo en factorías, molinos, centrales, talleres de maquinaria o establecimiento o sitio de cualquier clase donde haya una fábrica o empresa mecánica, y en almacenes, tiendas, establecimientos o sitio de cualquier clase donde se realizan operaciones mercantiles; en fincas, haciendas, estancias o sitios de cualquier clase, en los cuales se dirijan empresas agrícolas de horticultura o pastoreo, y en toda empresa de minería o pesquería o de cualquiera otra índole, industrial, comercial o agrícola.''

No creemos que la definición que acabamos de copiar limite el alcance de las disposiciones, que antes copiáramos, de la sección primera de la Ley. Luego de particularizarse ciertas empresas industriales, comerciales y agrícolas, y de mencionarse las de minería y pesca, se incluyen las de ''cualquier otra índole, industrial, comercial o agrícola.'' No hay base, pues, para la aplicación de la máxima *''expressio unius''* que invocan los apelantes, ya que se menciona la clase general de empresas en que cabe la clínica de los apelantes, a saber, empresas comerciales.

Los apelantes hablan de una interpretación administrativa al efecto de que las clínicas no están comprendidas dentro de las disposiciones de la Ley núm. 49 de 1935, y arguyen a base de esa interpretación. No conocemos esa interpretación administrativa, ni hay prueba sobre ese extremo. Suponiendo que exista, no tenemos por lo tanto base para considerarla.

Arguyen finalmente los apelantes que la Ley núm. 73 de 1919 (Leyes de 1919, pág. 497) prohibe que se com-

pense a las apeladas por horas trabajadas en exceso de ocho diarias. No es así. La Ley núm. 73 sencillamente dispone, en su sección primera, que "A ninguna mujer se le empleará o se le permitirá que trabaje . . ." más de ocho horas diarias o cuarenta y ocho horas semanales. Dispone no obstante que podrá emplearse a una mujer hasta nueve horas al día, si se le paga doble compensación por la novena hora, pero que en ningún caso se le empleará por más de cuarenta y ocho horas semanales. No puede decirse que la mujer que trabaja más de nueve horas al día, o cuarenta y ocho a la semana, está *in pari delicto* con su patrono, puesto que la prohibición, y el castigo por su infracción, es sólo aplicable al patrono. *Cardona* v. *Corte,* 62 D.P.R. 61. Y aunque es ilegal el trabajo en exceso de nueve horas al día, o cuarenta y ocho a la semana, una vez la obrera ha rendido ese trabajo tiene derecho a que se le compense. *Cardona* v. *Corte,* supra.

*Por los fundamentos expuestos, procede la confirmación de la sentencia apelada.*

El Juez Presidente Sr. Travieso se inhibió.