RAMÓN FERNÁNDEZ SANTANA, ZACARÍAS SANTANA ROSA, FÉLIX VILLAFAÑE BURGOS y JUAN MERCADO ARCE, demandantes y apelados, *v.* TOMÁS SANTANA, demandado y apelante.

Núm. 9328.—*Sometido:* Noviembre 14, 1945. *Resuelto:* Enero 14, 1947.

*Francisco González, Jr.*, abogado del apelante; *E. Cornier Martínez*, abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda original radicada ante la Corte Municipal de Humacao, los demandantes reclamaban compensación por las horas extras trabajadas por ellos como dependientes en el establecimiento "Victory Bar", propiedad del querellado. Los querellantes radicaron más tarde una querella enmendada, alegando una segunda causa de acción, en la que reclamaban compensación por días de descanso. La corte eliminó de la querella la segunda causa de acción, porque entendía que no podía introducirse una nueva causa de acción en una querella enmendada.

Los querellantes presentaron pruebas, pero no así el querellado. Este alegó que la prueba presentada por los demandantes era insuficiente. La corte dictó sentencia en favor de los querellantes y condenó al querellado a pagar a aquéllos las siguientes cantidades: a Ramón Fernández Santana, $192.50; a Zacarías Santana Rosa, $743; a Félix Villafañe Burgos, $353.26; y a Juan Mercado Arce, $461.25.

De esta sentencia apeló el querellado para ante la Corte de Distrito de Humacao.

Alegan los demandantes, en síntesis, que el demandado les adeuda, por concepto de horas extras trabajadas como dependientes en su establecimiento "Victory Bar", las cantidades que a continuación se enumeran: a Ramón Fernández Santana, $1,067.66; a Zacarías Santana Rosa, $765; a Félix Villafañe Burgos, $376.26; y a Juan Mercado Arce, $1,283; que el querellado convino con los querellantes en que el día de trabajo sería de ocho horas, el salario por semanas de siete días; que les pagaría el importe de las horas extras trabajadas en exceso de las ocho horas de que se compone

un día de trabajo, siendo dicho convenio por un período indeterminado; que el querellado no ha cumplido con el convenio y que por tal motivo les adeuda las cantidades arriba enumeradas.

En su contestación el demandado aceptó que es dueño del establecimiento ''Victory Bar''; que los demandantes trabajaron en su establecimiento; que el día de trabajo convenido con los querellantes fué de ocho horas y el salario de Ramón Fernández Santana, Zacarías Santana y Juan Mercado era de $7 y el de Félix Villafañe de $6 por semanas de siete días con derecho a un día de descanso por semana, del cual gozaron siempre; que satisfizo a todos y cada uno de ellos el importe total de sus respectivos salarios y que no le adeuda a los querellantes dinero alguno, por ningún concepto, y mucho menos por horas extras trabajadas.

En la vista del caso ambas partes presentaron abundante prueba, consistente en: por los demandantes, el testimonio de ellos mismos y el de Jesús Santiago Rivera, agente del Trabajo; y por el demandado, su testimonio y además el de otras personas que en distintas ocasiones habían trabajado con el querellado.

La corte, practicada la prueba, llegó a las siguientes conclusiones de hecho:

Ramón Fernández Santana trabajó los siete días de la semana desde el 14 de octubre de 1941 hasta el 7 de octubre de 1942, sujeto **al siguiente horario**: de 8 a 12 por la mañana, de 2 a 6 por la tarde y de 8 a 12 por **la noche**. Faltó 20 días por enfermedad que no le fueron pagados y por las horas extras no recibió pago adicional. Trabajó 338 días, a 4 horas extras por día, total 1,352 horas que se descomponen en 338 novenas y 1,014 regulares, éstas últimas à $0.10725 y las primeras a $0.2145, por lo cual condenó al querellado a pagar a Ramón Fernández la cantidad de $181.25.

Zacarías Santana trabajó los siete días de la semana desde julio 10, 1939 hasta octubre 10, 1942, sujeto al siguiente

horario: de 8 a 12 por la mañana, de 1 a 6 por la tarde y de 7 a 11 por la noche. Faltó 25 días por enfermedad, que fueron pagados por el querellado y por las horas extras no recibió pago adicional. Trabajó 1,163 días, a 5 horas extras por día, total 5,815 horas, que se descomponen en 1,163 novenas y 4,652 regulares, éstas últimas a $0.125 y las primeras a $0.25, por lo cual condenó al querellado a pagar a Zacarías Santana la cantidad de $872.25.

Félix Villafañe Burgos trabajó desde enero 3, 1940 al 19 de octubre de 1942, los siete días de la semana, sujeto al siguiente horario: por la mañana de 7 a 11 y por la tarde de 2 a 7. Faltó, sin paga, 23 días y por las horas extras trabajadas no recibió paga adicional. Trabajó 995 días a una hora extra por día que son 995 horas extras, todas nonas, a $0.2145 por unidad, y el querellado fué condenado a pagar a Félix Villafañe la cantidad de $213.43.

Juan Mercado Arce trabajó desde el 10 de julio de 1939 hasta octubre 12 de 1942, los siete días de la semana dentro del siguiente horario: por la mañana de 8 a 12, por la tarde de 1 a 6 y por la noche de 7 a 11. Faltó 14 días sin paga y por las horas extras no recibió compensación. Trabajó 1,175 días, a 5 horas extras por día, total 5,875 horas, de las cuales 1,175 son novenas y 4,700 regulares, éstas últimas a $0.125 y las primeras a $0.25. Se condenó al querellado a pagar a Juan Mercado la cantidad de $881.25.

De esta sentencia justificada por las conclusiones de hecho mencionadas, a que llegó la corte inferior, apela el demandado y alega que la corte inferior cometió los errores que a continuación se discuten.

"La sentencia dictada por la Corte de Distrito de Humacao en este caso no está sostenida por y es contraria a la prueba practicada; cometiendo la Corte de Distrito de Humacao error manifiesto en su apreciación."

En este caso se probó y fué admitido por el demandado, que los demandantes fueron sus empleados en distintas oca-

siones, que existía un convenio entre las partes para trabajar ocho horas diarias. Los demandantes ofrecieron abundante prueba de que trabajaban en exceso de ocho horas diarias. Es cierto que el demandado ofreció prueba controvirtiendo este hecho, pero la corte inferior dió crédito a las declaraciones de los querellantes y concluyó que los hechos y la ley estaban a favor de los demandantes. Repetidas veces ha sostenido este Tribunal el principio de que no revisará las conclusiones de hecho a que llegue la corte inferior, a menos que se pruebe que cometió error manifiesto en su apreciación. Como dijo este Tribunal en el caso de *Torres* v. *Perea*, 66 D.P.R. 171:

"Consideremos en primer término el error que imputan los apelantes a la corte inferior al dirimir el conflicto de la prueba respecto a las horas trabajadas por las apeladas. En cuanto al contrato de trabajo no hubo conflicto: se convino expresamente que las apeladas trabajarían ocho horas diarias. Pero las apeladas declaran que trabajaban diez horas, o diez horas y media, al día; y la prueba de los apelantes es al efecto de que sólo trabajaban ocho horas al día. La lectura de la transcripción de evidencia nos deja la impresión de que la prueba de los apelantes es más sólida y digna de crédito que la de las apeladas. Pero no hemos tenido la oportunidad que tuvo la corte inferior, de ver y oír los testigos, circunstancia que en un caso como el de autos puede tener decisiva influencia en la apreciación de la prueba. No podemos, por lo tanto, decir que errara la corte inferior al dirimir el conflicto de la prueba a favor de las apeladas."

Y en *El Pueblo de Puerto Rico* v. *Pérez*, 65 D.P.R. 592, se estableció que "siendo la apreciación de la prueba misión encomendada por la ley al tribunal inferior, no debemos intervenir con su discreción, a menos que se pruebe error manifiesto, pasión, prejuicio o parcialidad al apreciarla".

Otras decisiones a este mismo efecto son: *Graniela* v. *Yolande*, 65 D.P.R. 107; *López* v. *Alvarez*, 64 D.P.R. 404; *Rivera* v. *Rossi*, 64 D.P.R. 718.

Por las razones expuestas creemos que la corte inferior no cometió error al apreciar la prueba.

"A pesar de decretar la corte inferior la eliminación de la segunda causa de acción de la querella enmendada, que se refería al día de descanso, sin embargo en sus pronunciamientos condena al demandado a pagar horas extras por siete días que incluyen el día de descanso eliminado."

Como expusimos anteriormente, la corte inferior eliminó de la querella la segunda causa de acción que era una de reclamaciones por el día de descanso. La corte no tuvo el día de descanso en mente para dictar su sentencia. Lo que resolvió fué que los peticionarios probaron que habían trabajado los siete días de la semana. Toda vez que los demandantes alegaron y la corte resolvió que el contrato fué por una semana de siete días, de ocho horas el día, el salario por hora se calculó dividiendo el salario semanal entre 56 horas. Véase *Jiménez* v. *Corte,* 65 D.P.R. 37. Cubriendo el semanal estipulado las horas ordinarias trabajadas por los peticionarios durante estos siete días, no erró la corte al conceder compensación a los peticionarios por las horas extras trabajadas durante los siete días.

*Debe confirmarse la sentencia apelada.*